**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard E. Standridge,<br><br>Plaintiff,<br><br>v.<br><br>Untied States of America,<br><br>Defendant. | No. CV-07-1468-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff Richard E. Standridge's Emergency Rule 41(G) Motion for the Return of Seized Property (Dkt. 1). After considering the parties' briefs, the Court now issues the following Order.

On April 12, 2007, Standridge was named as a defendant, along with four other defendants, in a twenty-five count Indictment, in a case before United States District Court Judge Virginia Hernandez Covington, who sits in the Middle District of Florida. United States v. Brewer, et. al., Case No. 3:07-cr- 90-J-33HTS. Standridge was named in eleven counts, including one multi-object conspiracy count, five counts of wire fraud, three counts of mail fraud counts, and two counts of money laundering, in violation of 18 U.S.C. §§ 371, 1343, 1341 and 1956(a)(1)(A)(I) respectively. (Dkt.1). The Indictment includes a forfeiture clause identifying certain assets belonging to Standridge for forfeiture, pursuant to 18 U.S.C. §§ 982 and 981(a)(1)(C) and 28 U.S.C. § 2461(c)). On May 29, 2007, Magistrate

Richardson, Jacksonville Division of the Middle District of Florida, issued a federal civil seizure warrant for the contents of Bank of America Account No. 109809146, in the name of Richard E. Standridge, M.D., in the approximate amount of $408,635.40. On July 31, 2007, Standridge filed in the District of Arizona, an Emergency Rule 41(g) Motion for Return of Property, wherein he sought the return of the contents of the aforementioned bank account.

The Court finds that retaining Standridge's Motion may lead to this Court's consideration of a minor part of a very complex fraud scheme in isolation, and this Court may make substantive rulings which could have a very significant impact on the underlying case pending in the Middle District of Florida. This matter is not one of a collateral nature, but one for which the proper forum would be that of the forfeiture proceeding already pending. Based on all of the documents filed to date, the Court finds that it is in the best interest of all parties that this action be transferred to the Middle District of Florida, the District wherein the forfeiture proceeding is currently pending, and thus a more appropriate venue to determine the issues related to Standridge's Rule 41(g) motion. 28 U.S.C.A. § 1404 (a). The risk of inconsistent judgments associated with the current circumstances, the fact that witnesses and evidence are located in the Middle District of Florida, and Judge Covington's familiarity with the underlying facts and history of the case all weigh heavily in favor of transferring this case to the Middle District of Florida. Id. Furthermore, the Court agrees with Judge Covington's assessment that "the government makes a compelling argument that judicial resources would be conserved if this [Judge Covington's] Court decided Standridge's Rule 41(g) Motion."(07-CR-00090-VMC-HTS, Doc. 113, September, 5, 2007).

Accordingly,

**IT IS HEREBY ORDERED** transferring this case to the United States District Court

for the Middle District of Florida.[1]

DATED this 11th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[1] The Court recognizes that the criminal case is currently set for trial commencing November 5, 2007. Thus, this Court finds that it would be in the best interest of all those involved for this case to be transferred specifically to the Honorable Virginia Hernandez Covington. Furthermore, Judge Covington has before her numerous cases involving co-conspirators of Standridge.